1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DALE GARCIA, JANA
ARCHAMBEAU,

                    Plaintiffs,

      v.

THOMAS BENENATI, et al.

                    Defendants.

CASE NO. C19-5597 BHS

ORDER GRANTING IN PART
AND DENYING WITHOUT
PREJUDICE IN PART
DEFENDANT BENENATI'S
MOTION FOR SUMMARY
JUDGMENT

This matter comes before the Court on Defendant Thomas Benenati's motion for

summary judgment. Dkt. 30. The Court has considered the pleadings filed in support of

and in opposition to the motion and the remainder of the file and hereby grants in part

and denies without prejudice in part the motion for the reasons stated herein.

## I.   FACTUAL & PROCEDURAL BACKGROUND

Plaintiffs Dale Garcia and Jana Archambeau's claims arise out of alleged

excessive use of force by a Washington State Parks ranger, Defendant Thomas Benenati.

On June 9, 2018, Plaintiffs, who are husband and wife, were visiting Paradise Point State

Park in Clark County, Washington when Archambeau drove the wrong direction down a

one-way park road. Dkt. 1, ¶ 4.2. Benenati pulled Archambeau over to issue a citation for

1  excessive speeding, and Archambeau told Benenati that her husband would be upset and

2  "will kill me." Dkt. 31-1 at 4. Benenati's report states that he believed Archambeau to be

3  genuinely fearful and distraught. *Id.* Garcia then arrived, and Benenati instructed him to

4  stop but Garcia did not comply. *Id.* at 5. Garcia and Benenati then engaged in a lengthy

5  physical struggle, and Benenati utilized every force tool he possessed: OC spray,

6  TASER, baton, and he eventually drew his firearm. *See id.* at 5–6. After approximately

7  seven minutes of forceful struggle, Benenati handcuffed Garcia. *Id.* at 6.

8       Garcia provides court documents to establish that he was then charged with

9  Resisting Arrest and Assault III by Clark County. *See* Dkt. 37-1. He made his initial

10  appearance on June 11, 2018 and was held in custody. On June 14, 2018, the Clark

11  County Prosecutor moved for, and the state court granted, exoneration of bail for further

12  investigation. *Id.* at 11. In his deposition, Garcia testified that it was his understanding

13  that the Clark County Prosecutor decided not to file charges against him. Dkt. 31-3 at 12.

14       On July 1, 2019, Plaintiffs sued Benenati, the State of Washington, the

15  Washington State Parks and Recreation Commission, and four Parks supervisors as

16  Defendants for violations of Garcia's civil rights and common law malicious prosecution.

17  Dkt. 1. The parties have since stipulated to the dismissal of all Defendants, save for

18  Benenati. *See* Dkts. 20 (dismissing without prejudice all claims against Defendants State

19  of Washington and Washington State Parks and Recreation Commission), 29 (dismissing

20  all federal claims with prejudice and all state law claims without prejudice as to Parks

21  supervisor Defendants).

22

1    On October 15, 2020, Benenati moved for summary judgment on five issues:

2   Plaintiffs' Fourteenth Amendment claims; claims against Benenati's ex-wife, Defendant

3   Loretta Benenati; malicious prosecution claim; punitive damages; and qualified

4   immunity. Dkt. 30. Plaintiffs requested additional discovery to oppose the motion, and

5   the parties stipulated to an extension for the issues of qualified immunity and punitive

6   damages. Dkt. 34. On November 3, 2020, Plaintiffs responded, Dkt. 36, and conceded the

7   dismissal of their Fourteenth Amendment claims and their claim against Loretta

8   Benenati, *id.* at 1–2.[1] On November 6, 2020, Benenati replied. Dkt. 41. The only

9   remaining issue before the Court on this motion is Plaintiffs' malicious prosecution

10  claim.

## II.   DISCUSSION

12    Benenati argues that he is entitled to summary judgment on Plaintiffs' malicious

13  prosecution claim because there is no admissible evidence to establish that Garcia was in

14  fact prosecuted.

**A.    Summary Judgment Standard**

16    Summary judgment is proper only if the pleadings, the discovery and disclosure

17  materials on file, and any affidavits show that there is no genuine issue as to any material

18  fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

19  The moving party is entitled to judgment as a matter of law when the nonmoving party

---

21    [1] The Court therefore **GRANTS** Benenati's motion for summary judgment on Plaintiffs'
Fourteenth Amendment claim and **DISMISSES with prejudice all claims against** Loretta
22  Benenati.

fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

**B.     Merits**

A plaintiff must prove the following elements to establish a malicious prosecution claim under Washington state law:

> (1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuation of the prosecution; (3) that the proceedings were instituted or continued through malice; (4) that the proceedings terminated on the merits in favor of the plaintiff, or were abandoned; and (5) that the plaintiff suffered injury or damage as a result of the prosecution.

*Hanson v. City of Snohomish*, 121 Wn.2d 552, 558 (1993) (quoting *Peasley v. Puget Sound Tug & Barge Co.*, 13 Wn.2d 485, 497 (1942)). Benenati argues that Plaintiffs cannot establish a malicious prosecution claim because there is no evidence that proceedings against Garcia were ever instituted or commenced and relies on Garcia's deposition testimony to support his argument. Dkt. 30 at 6–7.

In his deposition, Garcia testified that it was his understanding that the Clark County Prosecutor decided not to file charges against him, and Plaintiffs argue that this statement is hearsay when offered to prove the actions of the prosecutor. Dkt. 36 at 4. Plaintiffs also argue the statement is inadmissible evidence because Garcia's understanding is not based on personal knowledge. To establish that proceedings were in fact commenced against Garcia, Plaintiffs provide the court proceedings from *State of Washington v. Garcia* in Clark County Superior Court, Cause No. 18-1-01636-3. *See* Dkts. 37-1, 37-2.

These court documents may establish that court proceedings were initiated against Garcia based on his altercation with Benenati. But Benenati asserts that the records were

requested in discovery and were improperly withheld. Dkt. 40 at 2–3. In his first set of interrogatories, Benenati asked Garcia whether he had ever been arrested for, charged with, or convicted of any crime, Dkt. 41-1 at 3, and Garcia's response did not list the Resisting Arrest and Assault III charges brought by Clark County in June 2018, *id.* at 3–4. Benenati therefore asserts that the Court should not consider the Clark County records in deciding summary judgment because the records were not disclosed as requested during discovery.

The Federal Rules of Civil Procedure dictate that if a party fails to provide information as required by Rule 26(a) or (e), that party is not allowed to use the information as evidence on a motion. Fed. R. Civ. P. 37(c)(1). Benenati did not request Garcia's court records pursuant to Rule 26(a) or 26(e); rather, the interrogatory was made according to Rule 26(b) and Rule 33. But even if Rule 37(c) applied, the Court may still consider the evidence if the failure to provide information is substantially justified or is harmless.

It is unclear to the Court why Garcia did not name *State of Washington v. Garcia*, Cause No. 18-1-01636-3, in his interrogatory response as it is both within the scope of discovery and directly related to his malicious prosecution claim. But the Court finds no prejudice to Benenati in considering the court documents provided for two reasons. First, the court documents include an arresting officer's declaration of probable cause signed by Benenati, which may support an inference that Benenati was aware of Garcia's arrest.[2]

---

[2] The Court does note that the declaration of probable cause reads as if Benenati did not author the document. Regardless, his signature still appears to certify the truth of the statement.

1    *See* Dkt. 37-1 at 6. Second, Benenati's reply addresses the possibility that the Court

2    would consider the Clark County court documents. *See* Dkt. 40 at 3–4.

3         Arrest or mere investigation may be insufficient to establish that criminal

4    proceedings were instituted or commenced for a malicious prosecution claim. *See*

5    Restatement 2d Torts § 654(e) ("If there is nothing more than the false arrest and the

6    accused is released without any further proceeding, his remedy is an action for false

7    imprisonment."); *Richmond v. Thompson*, 79 Wn. App. 327, 345 (1995), *aff'd*, 130

8    Wn.2d 368 (1996) ("Trooper Richmond and other witnesses were interviewed by an

9    investigator who prepared a report, but the State Patrol apparently took no further action.

10   Without more, these facts do not establish a legally adequate claim of malicious

11   prosecution . . . ."). The Clark County court documents show more than arrest or mere

12   investigation; viewing the evidence in the light most favorable to Plaintiffs, Garcia was

13   arrested, booked into jail, held, and appeared in court to set bail. This is sufficient to

14   establish for purposes of this motion that criminal proceedings were instituted against

15   Garcia.

16        Benenati's motion for summary judgment as to Plaintiffs' malicious prosecution

17   claim is therefore denied without prejudice. Garcia has established that criminal

18   proceedings were instituted against him, but Benenati's motion did not discuss whether

19   the prosecution was malicious or whether there was probable cause for the proceedings.

20   *See Hanson*, 121 Wn.2d at 558 ("[M]alice and want of probable cause constitute the gist

21   of a malicious prosecution action." (citing *Peasley*, 13 Wn.2d at 497)). Without

22   discussing the essential elements of the malicious prosecution claim, Benenati has not

1   established that he is entitled to judgment as a matter of law on Garcia's malicious

2   prosecution claim.

3                              **III.  ORDER**

4          Therefore, it is hereby **ORDERED** that Benenati's motion for summary judgment,

5   Dkt. 30, is **GRANTED** in part and **DENIED without prejudice** in part.

6          Dated this 14th day of January, 2021.

7

8   _____
    BENJAMIN H. SETTLE
9   United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 8